UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| RYAN TOTH,<br>Individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>MODERN DISPOSAL SERVICES, INC.,<br><br>**Defendant.** | Case No.   **1:25-cv-304**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

### ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Ryan Toth—brings this action individually and on behalf of all current and former hourly Drivers (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Modern Disposal Services, Inc. ("Modern Disposal")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the New York Payment of Wages Act, N.Y. LAB. LAW § 190–199 ("NYPWA"); and the New York Minimum Wage Act, N.Y. LAB. LAW § 651–665 ("NYMWA") (the NYPWA and NYMWA are collectively referred to as the "New York Acts").

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action pursuant to the state laws of New York under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Modern Disposal at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, and have not received notices required by law, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Modern Disposal knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Modern Disposal's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' wages for a meal break they did not receive.

7. In addition, Modern Disposal paid non-discretionary bonuses to Plaintiff and the Putative Collective/Class Members, but failed to include these bonuses in Plaintiff and the Putative Collective/Class Members' regular rate of pay, for purposes of calculating their correct rate of overtime compensation.

8. The effect of Modern Disposal's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Modern Disposal has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

9. Modern Disposal knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

10. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

11. Plaintiff and the Putative Class Members did not receive notices at the time of hire as required by law.

12. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of New York as a class action pursuant to FED. R. CIV. P. 23.

13. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

14. Plaintiff also prays that the Rule 23 class is certified as defined herein, with the Plaintiff designated herein named as the Class Representative.

## II.
## THE PARTIES

15. Plaintiff—Ryan Toth ("Toth")—was employed by Modern Disposal in New York, during the relevant time period(s). Plaintiff Toth did not receive compensation for all hours worked

or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

16. The FLSA Collective Members are those current and former hourly Drivers who were employed by Modern Disposal at any time from April 7, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

17. The New York Class Members are those current and former current and former hourly Drivers who were employed by Modern Disposal in New York at any time from April 7, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Toth worked and was paid.

18. Defendant Modern Disposal Services, Inc. is a domestic for-profit company, that is headquartered in, and licensed to do business in, the State of New York and may be served through its registered agent for service of process: **4746 Model City Road, Suite 100, Model City, NY, United States, 14107**.

### III.
### JURISDICTION & VENUE

19. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

21. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[1] The written consent of Ryan Toth is attached hereto as Exhibit "A."

22. This Court has general personal jurisdiction over Modern Disposal because New York qualifies as its home state.

23. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of New York because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Additionally, Modern Disposal's corporate headquarters are in Model City, New York, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25. Defendant Modern Disposal is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout the United States.[2]

26. To provide its services, Modern Disposal employed (and continues to employ) numerous hourly, non-exempt Drivers—including Plaintiff and the individuals that make up the putative collective and class.

27. Plaintiff and the Putative Collective/Class Members were employed by Modern Disposal as non-exempt Drivers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

28. Plaintiff and the Putative Collective/Class Members' job duties include the collection, transportation, and disposal of residential and commercial waste on behalf of Modern Disposal's customers.

29. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

---

[2] https://moderncorporation.com/

30. Importantly, none of the FLSA exemptions relieving a covered employer (such as Modern Disposal) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

31. Plaintiff Toth was employed by Modern Disposal as a Driver in New York from approximately July 2020 until August 2024.

32. During their employment with Modern Disposal, Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Modern Disposal resulting in the complained of FLSA and state law violations.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is they are (or were) responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of Modern Disposal's customers.

35. Plaintiff and the Putative Collective/Class Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis, receive non-discretionary bonuses, and Modern Disposal automatically deducts thirty (30) minutes for a meal period each workday.

36. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Modern Disposal resulting in the complained of FLSA and state law violations.

**Unpaid Meal Breaks**

37. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis, had a meal break automatically deducted from their daily time, and received non-discretionary bonuses that were not included in their regular rate(s) of pay.

38. Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day—these are referred to as "on-the-clock" hours.

39. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between two-and one-half to three hours "off-the-clock" per week and have not been compensated for that time.

40. Modern Disposal has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

41. Despite automatically deducting thirty (30) minutes from Plaintiff and the Putative Collective/Class Members' time each shift, Plaintiff and the Putative Collective/Class Members did not take a thirty (30) minute meal break.

42. Modern Disposal was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

43. Modern Disposal benefitted from Plaintiff and the Putative Collective/Class Members' free labor, as Plaintiff and the Putative Collective/Class Members typically worked throughout their entire shift without taking a break.

44. Modern Disposal knew Plaintiff and the Putative Collective/Class Members did not take breaks because Modern Disposal's supervisors observed Plaintiff and the Putative Collective/Class Members working throughout their entire shift(s) without taking a break.

45. Modern Disposal also knew Plaintiff and the Putative Collective/Class Members did not take their meal breaks because Plaintiff and the Putative Collective/Class Members complained to Modern Disposal that they were not able to take their meal breaks and should have been paid for their time.

46. Modern Disposal also engaged in continuous monitoring of Plaintiff and the Putative Collective/Class Members vehicles—both through GPS tracking of their vehicles and video surveillance of the interior cabins of the vehicles—and therefore had actual knowledge that Plaintiff and the Putative Class/Collective Members were not taking their 30-minute meal period breaks.

47. Modern Disposal's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

48. Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) or fewer twelve-hour shifts in a week and did not receive a meal break during any shift, Modern Disposal's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

49. For example, Plaintiff Toth did not work a full week his last week of employment, and as a result, the deductions to his wages for the meal breaks he did not take resulted in approximately one hour of unpaid straight time.

50. When Plaintiff and the Putative Collective/Class Members worked four (4) or more twelve-hour shifts in a week and did not receive a meal break during any shift, Modern Disposal's

meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

51. For example, Plaintiff Toth worked a full week his second to last week of employment, and as a result, the deductions to his wages for the meal breaks he did not take, was underpaid approximately two and one half hours of overtime.

52. As a result of Modern Disposal's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

**Modern Disposal Failed to Include Non-Discretionary Bonuses in the Regular Rate**

53. Modern Disposal paid out non-discretionary bonuses—Safety Bonuses—based on safety metrics (a lack of accidents and moving violations) but failed to include these bonuses in the Plaintiff and Putative Collective/Class Members' regular rates of pay.

54. The non-discretionary bonuses paid to Plaintiff and the Putative Collective/Class Members were meant to encourage and motivate them to work harder and to reward them for their hard work.

55. The non-discretionary bonuses were based upon a pre-determined formula established by Modern.

56. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

57. When Plaintiff and the Putative Collective/Class Members met the criteria, they were entitled to receive these non-discretionary bonuses.

58. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective/Class Member's regular rates of pay before any and all overtime multipliers were applied.

59. Modern Disposal's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

60. Modern Disposal knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA.

61. Modern Disposal knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

62. Modern Disposal knew or should have known that not compensating Plaintiff and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiff and the Putative Collective/Class Members.

63. Because Modern Disposal did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Modern's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

64. Because Modern Disposal did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Modern Disposal's pay policies and practices violated (and continue to violate) applicable state laws.

65. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

66.     The preceding paragraphs are incorporated as though fully set forth herein.

67.     The FLSA Collective is defined as follows:

**ALL DRIVERS WHO WERE EMPLOYED BY MODERN DISPOSAL SERVICES, INC., AT ANY TIME FROM APRIL 7, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

68.     At all material times, Modern Disposal has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

69.     At all material times, Modern Disposal has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

70.     At all material times, Modern Disposal has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of telecommunications infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

71.     Specifically, Modern Disposal employs numerous Drivers to provide services in the waste disposal industry across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through

commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

72. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Modern Disposal, these individuals provided services for Modern Disposal that involved interstate commerce for purposes of the FLSA.

73. In performing work for Modern Disposal, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

74. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Modern Disposal's customers and employees throughout the United States. 29 U.S.C. § 203(j).

75. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

76. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 67.

77. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Modern Disposal.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

78. Modern Disposal violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of trucks in the waste disposal industry, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they

worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

79. Moreover, Modern Disposal knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

80. Modern Disposal knew or should have known its pay practices were in violation of the FLSA.

81. Modern Disposal is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

82. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Modern Disposal to pay them according to the law.

83. The decision and practice by Modern Disposal to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

84. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.    COLLECTIVE ACTION ALLEGATIONS

85. All previous paragraphs are incorporated as though fully set forth herein.

86. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Modern Disposal's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

87. Other similarly situated employees of Modern Disposal have been victimized by Modern Disposal's patterns, practices, and policies, which are in willful violation of the FLSA.

88. The FLSA Collective is defined in Paragraph 67.

89. Modern Disposal's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Modern Disposal, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

90. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

91. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

92. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

93. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

94. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Modern Disposal will retain the proceeds of their violations.

95. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

96. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 67.

## SECOND CAUSE OF ACTION
### (Class Action Alleging Violations of the New York Acts)

**A.    NEW YORK ACTS COVERAGE**

97.    All previous paragraphs are incorporated as though fully set forth herein.

98.    The New York Class is defined as:

**ALL DRIVERS WHO WERE EMPLOYED BY MODERN DISPOSAL SERVICES, INC., IN NEW YORK, AT ANY TIME FROM APRIL 7, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("New York Class Members").**

99.    At all material times, Modern Disposal has been an "employer" as defined by the New York Acts. *See* NY LAB. LAW §§ 190(3) and 651(6).

100.    At all material times, Plaintiff Toth and the New York Class Members were Modern Disposal's "employees" as defined within the New York Acts. *See* NY LAB. LAW §§ 190(2) and 651(5).

101.    Modern Disposal—the "employer"—is not exempt from paying wages and overtime benefits under the New York Acts.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NEW YORK ACTS**

102.    All previous paragraphs are incorporated as though fully set forth herein.

103.    During the course of their employment, Modern Disposal agreed to pay Plaintiff Toth and each New York Class Member an hourly rate of pay.

104.    Plaintiff Toth and each New York Class Member accepted Modern Disposal's offer to pay them an hourly rate.

105.    Plaintiff Toth and the New York Class Members' agreed-upon hourly pay rates are therefore "wages" within the meaning of the New York Acts. *See* NY LAB. LAW § 191(1)(d).

106.    The New York Acts also require employers, like Modern Disposal, to pay employees, including Plaintiff Toth and the New York Class Members, overtime wages at a rate not less than 1.5

times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. *See* NY LAB. LAW § 191(1)(d).

107. Modern Disposal violated, and continues to violate, the New York Acts by failing to pay Plaintiff Toth and the New York Class Members for all straight time hours worked at the agreed hourly rate(s) and all overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including all off-the-clock hours worked by Plaintiff Toth and the New Yok Class Members during their unpaid meal breaks. *See* N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2

108. In violating the New York Acts, Modern Disposal acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New York law.

109. As a direct and proximate result of Modern Disposal's willful conduct, Plaintiff Toth and the New York Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including double damages for unpaid overtime, treble damages for unpaid straight time, and reasonable attorneys' fees pursuant to the New York Acts. *See* NY LAB. LAW § 198; 663(1).

110. Modern Disposal is in possession and control of necessary documents and information from which Plaintiff Toth would be able to precisely calculate damages.

111. The proposed class of New York Class Members sought to be certified pursuant to the New York Acts is defined in Paragraph 98.

112. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Modern Disposal.

C. **FAILURE TO PROVIDE NOTICES REQUIRED BY NY. LAB. LAW § 195.**

113. Section 195 of the New York Labor Law requires that employees be given a statement, at the time of hiring, containing certain information, including: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other.

114. Section 198 of the New York Labor Law provides that any employee not receiving the statement required by Section 195, within ten days of hiring, may recover $50.00 for each work day the violations occurred, with a maximum of $5,000.00, plus costs and reasonable attorney's fees.

115. Modern Disposal failed to supply Plaintiff Toth and the New York Class Members with the statement required by Section 195 of the New York Labor Law.

## C. NEW YORK CLASS ACTION ALLEGATIONS

116. Plaintiff Toth and the New York Class Members bring their New York Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Modern to work in New York since April 7, 2019.

117. Class action treatment of Plaintiff Toth and the New York Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

118. The number of New York Class Members is so numerous that joinder of all class members is impracticable.

119. On information and belief, Modern Disposal employed hundreds (and potentially thousands) of drivers—New York Class Members—in New York since April 7, 2019.

120. Plaintiff Toth's New York state-law claims share common questions of law and fact with the claims of the New York Class Members.

121. Specifically, the common questions of law and fact are that Modern Disposal violated the New York Acts by failing to pay the New York Class Members for time spent working through their meal breaks, whether Modern Disposal paid the New York Class Members overtime at a rate of

one and one half their regular rate of pay, and whether Modern Disposal failed to provide statements required by Section 195 of the New York Labor Law.

122.   Plaintiff Toth is a member of the New York Class, his claims are typical of the claims of other New York Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other New York Class Members.

123.   Plaintiff Toth and his counsel will fairly and adequately represent the New York Class Members and their interests.

124.   Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the New York Class should be certified as defined in Paragraph 98.

125.   Specifically, Plaintiff Toth and the New York Class Members all performed similar work, were not paid when they worked through their meal breaks, and were not paid at a rate of one and one half their regular rate of pay because Modern Disposal failed to include all non-discretionary income in their regular rate of pay.

## VI.
## RELIEF SOUGHT

126.   Plaintiff Toth respectfully prays for judgment against Modern Disposal as follows:

   a.   For an Order certifying the FLSA Collective as defined in ¶ 67;

   b.   For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c.   For an Order pursuant to § 16(b) of the FLSA finding Modern Disposal liable for unpaid wages, including unpaid overtime wages, due to Plaintiff Toth (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid

compensation found due to Plaintiff Toth (and those FLSA Collective Members who have joined in the suit);

  d. For an Order certifying the New York Class as defined in ¶ 98, and designating Plaintiff Toth as Representative of the New York Class;

  e. For an Order pursuant to the New York state law awarding Plaintiff Toth and the New York Class Members damages for unpaid wages and all other damages allowed by law;

  f. For an Order awarding the costs of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

  i. For an Order awarding Plaintiff Toth a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Modern Disposal, at Modern Disposal's expense (should discovery prove inadequate); and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 7, 2025    Respectfully submitted,

        **ANDERSON ALEXANDER, PLLC**

       By: /s/ *Clif Alexander*
         **Clif Alexander** *(Pro Hac Vice Anticipated)*
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
         Texas Bar No. 24045189
         austin@a2xlaw.com
         101 N. Shoreline Blvd, Suite 610
         Corpus Christi, Texas 78401
         Telephone: (361) 452-1279
         Facsimile: (361) 452-1284

       By: /s/

Robert L. Mullin
New York Bar No. 4549739
40 Wildbriar Road, Suite 100
Rochester, NY  14623
Tel:     (585) 869-0210
Fax:     (585) 869-0211
Email:  rlmullin@FerrMullinLaw.com

**Counsel for Representative Plaintiff and Putative Collective/Class Members**